

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| TASHON EARL HURELL,           § | |
|     Petitioner,           § | |
| § | |
| vs.           § | Civil Action No. 5:25-2818-MGL |
| § | |
| BRIAN KENDALL,           § | |
|     Respondent.           § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PETITIONER'S MOTION TO HOLD HIS PETITION IN ABEYANCE,
AND DISMISSING PETITIONER'S PETITION WITHOUT PREJUDICE**

Petitioner Tashon Earl Hurell (Hurell), a state prisoner who is representing himself, filed this petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 against Respondent Brian Kendall (Kendall).

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court grant Kendall's motion for summary judgment, deny Hurell's motion to hold his petition in abeyance, and dismiss Hurell's petition. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 10, 2025.  To date, Hurell has failed to file any objections.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review[] but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court Kendall's motion for summary judgment is **GRANTED**, Hurell's motion to hold his petition in abeyance is **DENIED**, and the petition is **DISMISSED WITHOUT PREJUDICE**.

To the extent Hurell seeks a certificate of appealability, his request is **DENIED**.

**IT IS SO ORDERED.**

Signed this 21st day of January 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

Hurell is hereby notified of his right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.